UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTISTS RIGHTS ENFORCEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF JOSEPH ROBINSON, JR., LELAND ROBINSON, SUGARHILL MUSIC PUBLISHING INC., a/k/a SUGAR HILL MUSIC PUBLISHING, INC. and SUGAR HILL RECORDS INC. <br><br> Defendants. | Civil Action No. 1:15-cv-09878-ER <br><br> **STIPULATION AND CONFIDENTIALITY AGREEMENT AND ORDER** |

EDGARDO RAMOS, U.S.D.J.:

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties to this action (the "Parties") and any entity not named as a Party to this action ("Non-Party") in connection with the pre-trial phase of this action:

1.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. Counsel for any Party or Non-Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information").

3. Each Party or Non-Party that designates information or items for protection under this Order (the "Designating Party") must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4. Information and documents designated by a Party or Non-Party as Confidential Information will be stamped "CONFIDENTIAL."

5. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

6. Any Party or Non-Party may challenge a designation of confidentiality at any time (the "Challenging Party"). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

8. In the event a Party or Non-Party challenges another party's designation of confidentiality, parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

9. If the Parties or Non-Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if

there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

10. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

11. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

12. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only". Unless otherwise ordered by the court or permitted in writing by the Designating Party, documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. the requesting party, including in-house counsel, officers, directors, and employees of the requesting party to whom disclosure is reasonably necessary for this action;

    b. counsel of record in this action;

    c. employees of such counsel assigned to and necessary to assist in the litigation;

    d. outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, and litigation support services engaged by the parties during this action to whom disclosure is reasonably necessary for this action;

e. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

f. during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

h. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

13. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

14. If a Party or Non-Party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

15. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information.

In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

16. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's or Non-Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

17. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

18. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party. Counsel for Parties and Non-parties shall be permitted to retain their working files on the condition that those files will remain protected.

19. Nothing herein shall preclude the Parties or Non-Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED:

Dated: January 31, 2022

| **ARENT FOX LLP** | **GREENSPOON MARDER LLP** |
|---|---|
| By: /s/ Eric Roman | By: /s/ Robert J. Rando |
| Eric Roman (ER-7928) | Robert J. Rando |
| 1301 Avenue of the Americas, 42nd Floor | 590 Madison Avenue, 18th Floor |
| New York, NY 10019 | New York, NY 10022 |
| Telephone: 212.492.3283 | Telephone: 212.524.5006 |
| Facsimile: 212.484.3990 | Robert.Rando@gmlaw.com |
| eric.roman@arentfox.com | |
| *Counsel For Plaintiff* | *Counsel for Defendants* |

**SO ORDERED**

_____
HON. EDGARDO RAMOS, U.S.D.J
January 31, 2022
New York, NY

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTISTS RIGHTS ENFORCEMENT CORP,<br><br>               Plaintiff,<br><br>               v.<br><br>THE ESTATE OF JOSEPH ROBINSON, JR., LELAND ROBINSON, SUGARHILL MUSIC PUBLISHING INC., a/k/a SUGAR HILL MUSIC PUBLISHING, INC. and SUGAR HILL RECORDS INC.<br><br>               Defendants. | Civil Action No. 1:15-cv-09878-ER |

## ACKNOWLEDGEMENT

I, _____, declare that:

1. I have received a copy of the Stipulation and Confidentiality Agreement and Order ("**Confidentiality Agreement**") in this Action.

2. I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "CONFIDENTIAL" that I receive in this Action, except to the extent that such information designated "CONFIDENTIAL" is or becomes public domain information or otherwise is not deemed "CONFIDENTIAL" in accordance with the Confidentiality Agreement.

4. I agree that at the conclusion of the litigation, I will return all Confidential Information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

6. I understand that disclosure of information designated "CONFIDENTIAL" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____   _____
                 Date                                                  Signature